Belknap,
June 1, 1909.

### TUTTLE v. D. W. PINGREE CO.

Where a deed of standing timber provides that all "lumber" remaining on the premises at the end of three years shall revert to the grantor, the forfeiture clause cannot be construed to include sawed lumber remaining upon the lot at the expiration of the time limited, if it is apparent upon a consideration of the entire conveyance that such was not the intent of the parties.

TRESPASS *de bonis.* The plaintiff sold to the defendants two lots of " standing lumber." The deed provided that all lumber remaining on the premises at the end of three years should revert to the grantor. The defendants cut and sawed the trees, but did not remove all the boards from the lot within the time limited. They subsequently removed those remaining on the lot at the expiration of three years, and this suit is to recover their value. The court ruled that the boards belonged to the plaintiff, and the defendants excepted. Transferred from the November term, 1908, of the superior court by *Stone,* J.

*Felker & Gunnison,* for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman,* for the defendants.

YOUNG, J. The only question considered is the intent of the parties when they agreed that " whatever lumber remains on said premises at the end of three years reverts to . . . said grantors." Did they intend by "lumber" standing trees only, or both standing trees and boards? The word is in common use to describe both trees suitable to saw and the product into which they are sawed, and was used in both senses in this deed; but in every instance in which it was used without modifying words, except in the forfeiture clause, it is clear from the context that only standing trees were intended. It is probable, therefore, it was used in this sense in that clause. The fact that this was a sale of " trees suitable to saw into lumber " tends to strengthen this presump-

tion; for since such trees were the subject-matter of the sale, it is probable that it was such trees, and not the boards into which they were sawed, which were to revert to the grantors. No facts appear to rebut this presumption.

There is nothing in the deed to suggest that the granted trees were to be sawed on the lot; and if that was not the intention of the parties at the time the deed was made, it is obvious the forfeiture clause was not intended to include sawed lumber. If, however, it is assumed that the parties had agreed before the conveyance was made that a mill should be installed on the lot, that fact would be incompetent to prove that the forfeiture clause was intended to apply to both boards and standing trees; for if that is the fact, the parties arranged for the mill privilege in a separate contract. Consequently, the question of the defendants' right to leave the boards on the premises would depend on the proper construction, not of this conveyance, but of that contract. If that is the fact, it is fair to say that, in so far as this conveyance is concerned, no lumber remained on the lot when the trees conveyed had been cut and hauled to the mill. In short, it is probable that the purpose of the forfeiture clause was to limit the time within which the defendants were to have the growth of the trees —not to limit their time for clearing the lot; for the plaintiff's loss if the sawed lumber was not removed within that time would be so insignificant, as compared with the defendants', that it is probable if the parties had intended that boards remaining on the premises at the end of three years should become the plaintiff's property, they would have used apt words to express their intention. It must be held, therefore, that " lumber" was used in the forfeiture clause in the sense of standing trees.

*Exception sustained.*

All concurred.